Dear Mr. Nesom:
This office is in receipt of your request for an opinion of the Attorney General in regard to compensation for the coroner. The police jury takes the position that the coroner is paid a flat salary of $16,800.00 and is not entitled to receive any additional fees or compensation, but the coroner's position is that he is to receive the salary plus the fees that are provided for under R.S. 33:1556. You ask this office for clarification on the payment of the fees under R.S. 33:1556.
R.S. 33:1556, entitled "Fees for coroner's services", designates in Paragraph (A)(1)-(4) a fee schedule for various services performed by a coroner. However, (A)(5) provides, "The provisions of this Subsection shall only apply to coroners on a fee basis." Also, R.S. 33:1555 is authority for the coroner to appoint assistant coroners and clerical employees and other necessary help, but for these clerical employees and other necessary personnel the legislature has stated, "The salaries of these employees shall be paid by the coroner out of his fees or by arrangement with the parish governing authority if the coroner is on a salary basis."
By a perusal of the legislative history of statutes relative to payment of coroners, we find Act 52 of 1977 amended and reenacted R.S. 33:1556 to specify the coroner shall be a licensed physician of the state and may be either or both ex officio parish physician or parish health officer. It stated when the coroner was designated as parish health officer, the police jury must fix a salary in addition to the coroner's fees as otherwise provided, and the salary would be exclusive of the necessary expenses. Further it was provided if the police jury fixed the salary of the coroner as parish physician, such salary would be in lieu of all fees fixed in R.S. 33:1558.
Act 570 of 1984 amended and reenacted R.S. 33:1551-1568.1, thereby redesignating the former sections to R.S.33:1551-1571, and the fees for the coroner in R.S. 33:1558 is now set forth in R.S. 33:1556. R.S. 33:1556(A), in addition to setting forth the fees, provides, "The provisions of the subsection shall only apply to coroners on a fee basis." In accordance with R.S. 24:253 the Law Institute divided the paragraph which set out the fees in section (A) of R.S. 33:1556
into numbered divisions so as to give the separate specified fees each a number, and designated the portion of the paragraph that stated the Subsection would not apply to coroners on a fees basis, (A)(5).
We recognize that R.S. 33:1559, which sets forth provisions for extra compensation for coroners, provides that coroners who are paid a salary or "a salary and fees" may be paid additionally by the state, whereas the coroner who is only paid a fee may be given extra specified compensation by the state and the parish governing authority which seems to imply a coroner may receive fees as well as a salary. This provision for extra compensation was enacted by Act 104 of 1978, and prior to Act 570
of 1984 that states the subsection on fees shall only apply to a coroner on a fee basis. Also at the time of the enactment for extra compensation which refers to a coroner who is paid a salary and fees, it should be noted that Act 52 of 1977 had provided when a coroner is designated as parish health officer, the police jury was to fix a salary in addition to the coroner's fees, but if the police jury fixed the salary of the coroner as the parish physician the salary would be in lieu of all fees fixed in R.S.33:1558.
This may be the reason for the wording in R.S. 33:1559 in regard to a coroner who receives a salary and fees since at the time the coroner could be a parish health officer and receive a salary and fees under R.S. 15:1556 which was not carried forward in the amendment and reenactment in 1984.
Additionally, we feel the restriction that the salaried coroner cannot receive the fees of the subsection is only in regard to those fees of Paragraph (A) of R.S. 33:1556 and not those set forth in other paragraphs or statutes such as fees as for an expert witness in R.S. 33:1561 or those provided by court appointment for a mental examination under C.Cr.P. 659 wherein it specifies, "The fee paid to the coroner * * * shall be in addition to his salary."
However, regarding those fees in R.S. 15:1556(A) we cannot ignore the legislative directive that those fees shall only apply to coroners on a fee basis, and must conclude the coroner that is salaried cannot receive the fees set forth in R.S. 15:1556(A).
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: ______________________ BARBARA B. RUTLEDGE Assistant Attorney General